Chad M. Knight CO #42145
Arron Nesbitt CO #40610
KNIGHT NICASTRO MACKAY, LLC
1401 Walnut St., Ste 200
Boulder, CO 80302
Email:   knight@knightnicastro.com
         nesbitt@knightnicastro.com
Telephone: (720) 780-2772
Facsimile: (816) 396-6244
**ATTORNEYS FOR DEFENDANTS
BNSF RAILWAY COMPANY, LOUIE P. RAMIREZ,
and STEVEN A. WALD**

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| JANEAU RITTER, a disabled individual and citizen of Colorado, by and through her Conservator and Guardian, SEAN MCKENDRICK,<br><br>　　　　　Plaintiffs,<br>vs.<br><br>BNSF RAILWAY COMPANY, a Delaware Corporation; LOUIE P. RAMIREZ, an individual and citizen of Nebraska; and STEVEN A. WALD, an individual and citizen of Colorado,<br><br>Defendants. | Cause No.:　22-1187<br><br>Division/Courtroom:<br><br><br><br>**NOTICE OF REMOVAL** |

TO: Clerk of the U.S. District Court for the District of Colorado:

　　　PLEASE TAKE NOTICE THAT Defendants BNSF Railway Company ("BNSF"), Louie P. Ramirez ("Ramirez") and Steven A. Wald ("Wald") (collectively "Defendants"), hereby

1

remove to this Court the state court action described herein, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1447. Pursuant to 28 U.S.C. § 1446(b)(3) and this Court's Local Rules, copies of this Notice of Removal are being served on all parties at the addresses listed in Plaintiffs' state court complaint and are being filed in the District Court of The State of Colorado, Larimer County.

## INTRODUCTION

1. On November 11, 2021, Plaintiffs Janeau Ritter ("Ritter") and Sean McKendrick ("McKendrick") (collectively, "Plaintiffs") filed their complaint (the "Complaint") against Defendants in the District Court of The State of Colorado, County of Larimer, Case Number 2021CV30828 (the "State Court Action").[1]  *Complaint and Jury Demand*.

2. The State Court Action concerns a personal injury event wherein Ms. Ritter claims she was injured by BNSF's train while "attempting to cross the railroad tracks on foot near the intersection of Mason Street and Mulberry Street in downtown Fort Collins Colorado." *Id.* at ¶ 1. Therein, Plaintiffs have raised claims for negligence, premises liability, and gross negligence against Defendants claiming, among other things, that they knew or should have known of her existence and that they failed to take certain actions to prevent her injuries. *See Complaint and Jury Demand*.

3. Plaintiffs' allegations are denied, and it is further denied herein that Defendants Wald and Ramirez are properly named as parties, with the exception of those facts necessary for removal of this action on diversity of citizenship grounds, as discussed herein.

4. Pursuant to Local Rule 3.1(a), a completed civil cover sheet is attached hereto as **Exhibit A**. Further, pursuant to Local Rule 81.1(b), within 14 days of the filing of this notice,

---

[1] Other Defendant entities were originally named and subsequently dismissed.

Defendants will file a current docket sheet (register of actions) and will separately file each pending motion, petition, and related response, reply, and brief.

## BASIS FOR REMOVAL

### I. Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441(b).

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the individual Defendants are improperly joined, and the remaining action between Plaintiff and BNSF is between citizens of different states with an amount in controversy greater than $75,000, exclusive of interest and costs. *See e.g.*, *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998) (recognizing fraudulent joinder as an exception to complete diversity). Thus, despite the Complaint's facially non-removable appearance, this action is actually removable and could have originally been filed in this Court and is now properly removed to this Court.

### a. Removal is Timely

6. A state court case is timely removed to federal court if the removal is filed within thirty days of the defendant receiving the initial pleading stating a claim for relief. 28 U.S.C. § 1446(b)(1). However, if it is not apparent from the initial pleading that removal is appropriate, the defendant may remove the case within thirty days of receiving "a copy of an amended pleading, motion, order ***or other paper from which it may first be ascertained that the case is one which is or has become removable***." 28 U.S.C. § 1446(b)(3) (emphasis added). Discovery responses and formal or informal communications between attorneys can constitute "other paper," which triggers the thirty-day removal period. *Killion v. Creative Solutions in Health-Care at Granbury, LLC,* No. 4:02-CV-853-Y, 2003 WL 21321263, *3 (N.D. Tex. June 3, 2003)(Means, J.); *See also Magnatech Eng'g v. Weaver Elec. Co.*, 1998 U.S. Dist. LEXIS 5021, *4 (D. Kan. 1998) ("***It is well established law that discovery responses are sufficient to constitute 'other paper' which may trigger***

***defendant's 30 day period to file a notice of removal***." (emphasis added)); *Van Gosen v. Arcadian Motor Carriers*, 825 F. Supp. 981, 982 (D. Kan. 1993) ("It is well settled that interrogatory answers may constitute the 'other paper' necessary to give notice that the action has become removable."); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992) (interrogatory answers may constitute as "an 'other paper.'"); *Stiles v. Chattem, Inc.*, 2011 U.S. Dist. LEXIS 2778, *23 (N.D. Okla. 2011) ("courts have determined that discovery responses are appropriate 'other paper' for purposes of § 1446 (b).").

7. As previously mentioned, Plaintiffs filed their Complaint on November 11, 2021, and subsequently served Defendants BNSF and Ramirez on January 7, 2022, and Defendant Wald on January 12, 2022.

8. On January 28, 2022, Defendants filed their Answer, and the parties also filed a stipulated dismissal of Defendants Burlington Northern Santa Fe, LLC; BNSF Logistics, LLC, Burlington Northern Santa Fe Properties, L.L.C.; Burlington Northern Santa Fe Corporation; and Transportation Group Management, Inc.

9. Subsequently, Defendants propounded discovery on Plaintiff seeking, among other things, detailed information on how Ms. Ritter attempted to cross the railroad tracks, how she specifically sustained her injuries, and how it is Plaintiffs claim that Wald and Ramirez knew or should have known of her presence on the railroad. *Defendants First Set of Interrogatories*, No. 6; *Id*. at No. 7; *Id*. at No. 8.

10. Plaintiff served Defendants with their responses to discovery on April 22, 2022. *Plaintiffs' Responses to Defendants' First Set of Interrogatories*.

11. Therein, Plaintiffs provided new information establishing for the first time that the case is removable, as Plaintiff revealed that there is no factual or legal basis to assert claims against Wald and Ramirez. *See Id*.

12. In sum, given that Plaintiff's interrogatory answers constitute "other papers" under 28 U.S.C. § 1446(b)(3) and were served upon Defendants within 30 days of the filing of this motion, removal is timely. *See Van Gosen*, 825 F. Supp. at 982 ("It is well settled that interrogatory answers may constitute the 'other paper' necessary to give notice that the action has become removable."); *See also* 28 U.S.C. § 1446(b)(3).

### b. After Dismissing The Improperly Named Individual Defendants (i.e., Wald and Ramirez) Complete Diversity of Citizenship Exists.

13. For purposes of the diversity statute, Plaintiffs Ritter and McKendrick are both citizens of the State of Colorado. Generally, "[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile;" and here, the Complaint specifically alleges that Ritter and McKendrick are citizens and residents of the State of Colorado. *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019) (internal quotation marks omitted); *Complaint and Jury Demand*, ¶ 2; *Id*. at ¶ 3.

14. Defendant BNSF is a Delaware corporation with its principal place of business in Fort Worth, Texas. 28 U.S.C. § 1332, the federal diversity jurisdiction statute, provides that a corporation is a citizen of both: (1) the state where it is incorporated, and (2) "the State … where it has its principal place of business." 28 U.S.C. 1332(c)(1). Thus, for purposes of diversity, BNSF is a citizen of both Delaware and Texas. *See Id*.

15. Defendant Ramirez is a citizen of The State of Nebraska. *Answer*, ¶ 12.

16. Defendant Wald, however, is a citizen of The State of Colorado. *Id*. at ¶ 13. Nevertheless, both Defendants Wald and Ramirez have been improperly and fraudulently joined

as defendants in this matter; and where improper/fraudulent joinder is shown, that party's citizenship will be ignored in determining whether there is diversity jurisdiction. *See, e.g., Wilson v. Republic Iron & Steel, Co.,* 257 U.S. at 98–99 (1921) (upholding the district court's removal jurisdiction); *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979) (stating that if the claim against a local defendant is deemed fraudulent, lack of diversity will not prevent removal); *See also Ortiz v. QuikTrip Corp.*, 2022 U.S. Dist. LEXIS 66832, *7 (D. Kan. 2022) ("***The presence of a fraudulently joined defendant does not defeat complete diversity, as courts do not consider the citizenship of fraudulently joined parties when evaluating diversity jurisdiction***." (emphasis added)).

17. "'To establish fraudulent joinder, the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, ***or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court***.'" *Hanson v. Dollar Gen.*, 2021 U.S. Dist. LEXIS 95998, *6 (W.D. Okla. 2021) (citing *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (emphasis added)).

18. In an attempt to justify the inclusion of Wald and Ramirez as Defendants in this matter, Plaintiffs Complaint alleges that both Defendants "***knew or had reason to know that pedestrians were crossing and attempting to cross its stopped Mega Train at that time and at that location***" by climbing though, over, and under the stopped train given the length of time the train was stopped;" *Complaint*, ¶ 87 (emphasis added); and that they ***failed "to take actions to prevent their Mega Train from running Ms. Ritter over after seeing Ms. Ritter in a position of peril***, or after such time they should have or had reason to know that Ms. Ritter and/or other pedestrians were or could be in a position of peril." *Id*. at p. 24 (emphasis added).

6

19.     However, Plaintiffs' April 22, 2022 discovery responses demonstrate that there is no factual basis to support any viable claim against Defendants Wald and Ramirez.

20.     Specifically, in response to Defendants' interrogatories, Plaintiff states that "***Janeau Ritter does not remember*** whether or what physical actions she may have taken in attempting to cross Defendants' tracks on the date of the subject incident and does not remember whether any individual encouraged or assisted her with respect to any such physical actions that she may have taken." *Plaintiffs' Responses to Defendants' First Set of Interrogatories*, No. 6 (emphasis added).

21.     More importantly, Plaintiff further states:

"Janeau Ritter does not remember 'how specifically' she sustained her injuries in the subject incident. She recalls waiting for a period of time to cross the tracks and return to her home while Defendants' train was stopped on and blocking her way across the subject tracks; ***she recalls Defendants' train was very long, that she could not see either end of the train***." [2]

*Id*. at No. 7 (emphasis added).

22.     With regard to Defendants Wald and Ramirez and any alleged knowledge they had of Plaintiff's presence on the train cars/tracks before moving the train, Plaintiff provided no additional information beyond their complaint's conclusory statements and instead argued that such information is in possession and control of the individual Defendants. *Id*. at No. 8.

23.     To that regard, and in addition to the fact that Plaintiff affirmatively stated that she could not see either end of the train from where she stood, Defendant Steven Wald provided a written statement to the investigating police officers, which Plaintiffs are in possession of, stating that ***he had no "knowledge of people crossing through [the] train at any point."*** *Id*. at No. 7;

---

[2] Logically, it stands to reason that the individual defendants, operating the locomotive at the front end of the train line, could not see her either.

7

Steven Wald's Written Statement to Fort Collins Police, p. 1 (emphasis added), attached hereto as **Exhibit B**.[3]

24. In short, Plaintiff's April 22, 2022 discovery responses demonstrate that there is no factual basis to support Plaintiff's claims that Defendants Wald and Ramirez knew or should have known of Ms. Ritter's presence on the railroad, and thus Plaintiffs fraudulently joined those Defendants as Plaintiffs are unable to establish any cause of action against them. As such, complete diversity of citizenship exists. *See QuikTrip Corp.*, 2022 U.S. Dist. LEXIS 66832, *7 ("The presence of a fraudulently joined defendant does not defeat complete diversity, as courts do not consider the citizenship of fraudulently joined parties when evaluating diversity jurisdiction.").

    i.    *Plaintiffs' premises liability claim*

25. First, it should be pointed out that Plaintiffs are not permitted to proceed on both a premises liability claim and negligence claims as the Colorado Premises Liability Act (CPLA) preempts prior common law theories of liability and establishes the statute as the sole codification of landowner duties in tort. *See Anderson v. Hyland Hills Park Recreation Dist.*, 119 P.3d 533, 535 (Colo. App. 2004), cert. denied (Colo. Sep. 12, 2005) (stating "***that the premises liability statute provides the exclusive remedy against a landowner for injuries sustained on the landowner's property***." (emphasis added)); *Henderson v. Master Klean Janitorial, Inc.,* 70 P.3d 612, 613 (Colo.App. 2003) (same).[4]

---

[3] The Fort Collins police report also establishes that Plaintiff was not merely crossing the tracks at the time of the incident but rather climbing over the rail cars that were stopped on the tracks.

[4] In general, section 13-21- 115 applies in "any civil action brought against a landowner by a person who alleges injury occurring while on the real property of another and by reason of the condition of such property, or activities conducted or circumstances existing on such property . . . ." § 13-21-115(2); *See Larrieu v. Best Buy Stores, L.P.,* 2013 CO 38, ¶ 4, 303 P.3d 558, 559 (The relevant "analysis necessitates a fact-specific, case-by-case inquiry into whether: (a) the plaintiff's alleged injury occurred while on the landowner's real property; and (b) the alleged injury occurred by reason of the property's condition or as a result of activities conducted or circumstances existing on the property."); *See also Tancrede v. Freund*, 2017 COA 36, ¶ 15, 401 P.3d 132 (motor vehicle collision arose out of activities conducted on defendants' private property, so premises liability statute governed); *Teneyck v. Roller Hockey Colo.*, Ltd., 10 P.3d 707 (Colo. App. 2000) (The premises liability statute, rather than the common-law "no

26.     "The premises liability statute classifies those injured on the property of another as trespassers, invitees, or licensees. § 13-21-115(3)." *Vigil v. Franklin*, 103 P.3d 322, 326 (Colo. 2004).

27.     Despite Plaintiff's contentions otherwise, Wald as the train conductor and Ramirez as the train engineer were mere employees of BNSF and were not authorized agents or persons in possession of real property, nor persons legally responsible for the condition of real property or for the activities conducted or circumstances existing on real property, and thus cannot properly be considered landowners. *See Pierson v. Black Canyon Aggregates, Inc.,* 48 P.3d 1215, 1219 (Colo. 2002) (Under section 13-21-115(1), a "'landowner' includes … an authorized agent or a person in possession of real property and a person legally responsible for the condition of real property or for the activities conducted or circumstances existing on real property.'").

28.     Even if a cogent argument could be had to establish Wald and Ramirez as "landowners," which Defendants do not agree, Ms. Ritter was in fact a trespasser for purposes of the Premises Liability Act,[5] as a trespasser is one who enters or remains on the property of another without the property owner's consent. C.R.S. § 13-21-115(7)(d); *See Rucker v. Federal National Mortgage Ass'n*, 2016 COA 114, ¶ 36 (plaintiff was a trespasser, not an invitee, because the "'For Sale' sign did not constitute an implied representation to the public to enter or remain on the property").

29.     A trespasser is only owed a duty of care when intentional harm is at hand. *See Vigil*, 103 P.3d at 328. Stated differently, "a landowner owes a trespasser, who 'may recover only

---

duty" rule applied to spectator's claim for personal injuries sustained when he was struck by a puck at a roller hockey game.)
[5] Section 13-21-115(4), provides: In any action to which this section applies, the judge shall determine whether the plaintiff is a trespasser, a licensee, or an invitee, in accordance with the definitions set forth in subsection (5) of this section.

for damages willfully or deliberately caused by the landowner,' the duty not to willfully or deliberately cause damages to a trespassing party." *Id*.

30. As previously discussed, Plaintiffs' discovery responses demonstrate that they have no factual basis of support for their contentions that Defendants Wald and Ramirez actually knew that Ms. Ritter was on the railcars when they began to move the train. *See Plaintiffs' Responses to Defendants' First Set of Interrogatories*, No. 8. Nor would one expect that they actually could have known that Ms. Ritter was trespassing, as she "encountered BNSF's stopped mega train at a location between two and two and a half miles south and west of the lead locomotive," at the time it began to move. *Complaint*, ¶ 81.

31. Even assuming for the sake of argument that Plaintiff could establish that she was an invitee for purposes of her premises liability claim, which we do not agree she was, she would still have to prove Defendants knew or should have known of the danger – that being her presence on the train car/track – which her discovery responses and evidence herein demonstrates she cannot do.

32. As stated in Wald's witness statement, Defendants were unaware of Ms. Ritter's presence on the railcar at any point. Steven Wald's Written Statement, p. 1 (emphasis added), attached hereto as **Exhibit B.**

33. In sum, as there is no factual or legal basis to conceivably hold Defendants Wald and Ramirez liable under a theory of premises liability, Wald and Ramirez should be dismissed.

*ii.   Plaintiffs' negligence claims*

34. Plaintiffs may claim that they should be permitted to proceed on a standard negligence theory against the individual defendants, which we do not agree is a viable option under

cases analyzing the CPLA.[6] However, even if Plaintiffs could proceed against the individual defendants on a theory of negligence, Plaintiffs again would have to show that Defendants Wald and Ramirez owed Ms. Ritter a duty, which again would require facts establishing that the they knew or should have known of Ms. Ritter's existence.

35. The existence and scope of a legal duty are generally questions of law for the court to determine. *Imperial Distrib. Servs., Inc. v. Forrest,* 741 P.2d 1251 (Colo. 1987); *Metro. Gas Repair Serv., Inc. v. Kulik,* 621 P.2d 313 (Colo. 1980). Generally, no duty is owed to members of the general public; *See generally Bray v. Gluck*, 648 N.Y.S.2d 832, 833-834 (N.Y. App. Div. 1996) (In the context of an owner of land that abuts a public sidewalk, the court held that absent some statutory duty otherwise, the landowner owed "no duty to the public…."); and policy considerations militate more strongly against the imposition of a duty in cases involving an alleged negligent failure to act, i.e., a failure to take affirmative action to protect others from harm. *Univ. of Denver v. Whitlock,* 744 P.2d 54 (Colo. 1987).

36. Generally, in nonfeasance, as opposed to misfeasance cases, a duty is recognized only if there is a "special relationship" between the parties or between the plaintiff and a third-party tortfeasor. *Id*. at 57.; *See also N.M. v. Trujillo,* 2017 CO 79, ¶ 24, 397 P.3d 370 (dog owner did not have a special relationship with pedestrians walking by his house and did not owe a duty to prevent dogs from frightening pedestrians); *Davenport v. Cmty. Corr. of the Pikes Peak Region, Inc.,* 962 P.2d 963 (Colo. 1998) (no duty of administrator of private halfway house to protect plaintiff from dangerous behavior of halfway-house resident); *Solano v. Goff,* 985 P.2d 53 (Colo. App. 1999) (county sheriff had no duty to protect murder victim from inmate who escaped from county jail).

---

[6] Defendants have found no case authority authorizing a Plaintiff to circumvent the CPLA by suing the landowner's employees under traditional theories of negligence.

37. Again, Plaintiffs' discovery responses make clear that they have no factual basis to establish Defendants Wald and Ramirez owed any duty of care to Ms. Ritter. The facts and evidence of the case further establish that Walder and Ramirez were unaware of Ms. Ritter's presence, as it is generally inconceivable how anyone could owe a duty of care to a stranger who is out of sight and located 2.5 miles away. *See Complaint*, ¶ 81.

    iii.    *Any conceivable claim against the Individual defendants is preempted*.

38. Finally, any negligence claims that Plaintiffs may try to assert against the individual defendants are also preempted by the Federal Railroad Safety Act (FRSA). In a section addressing the preemption of certain state laws, FRSA provides that "[l]aws, regulations, and orders related to railroad safety … shall be nationally uniform to the extent practicable." 49 U.S.C. § 20106(a)(1); *See Fair v. BNSF Railway Co.*, 238 Cal. App. 4th 269, 277-78 (Cal. App. – 5th Dist. 2015). To maintain such uniformity, FRSA contains an express preemption clause, pursuant to which "[a] State may adopt or continue in force a law, regulation, or order related to railroad safety … until the Secretary of Transportation (with respect to railroad safety matters) … prescribes a regulation or issues an order covering the subject matter of the State requirement." *Id*.; § 20106(a)(2). "FRSA preempts covered state law tort claims, in addition to covered statutes and regulations." *Fair*, 238 Cal. App. 4th at 277 (citing *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 664, 670–671 (1993)).

39. Here, because all of the alleged duties owed by the individual defendants to Ms. Ritter relate to the safe operation of the railroad as it relates to inspecting the train, the tracks, and/or providing warnings, all such claims and tort causes of actions arising therefrom are preempted by the FRSA.

40. Based on Plaintiffs' recent discovery responses, and applicable law it is clear that both Defendants Wald and Ramirez were improperly joined as Defendants here; and because there

is no potential viable cause of action attaching liability to the individual Defendants, they should be dismissed. Accordingly, complete diversity exists between the Plaintiffs and Defendants in this case, and this Court has subject matter jurisdiction under 28 U.S.C. § 1332 since no properly joined Defendant is a citizen of the state in which this action is brought.

**c. The Amount in Controversy Requirement is Satisfied.**

41.     To determine the amount in controversy, courts look first to the plaintiff's state court petition. The "party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Scherer v. The Equitable Life Assurance Soc'y of the United States,* 347 F.3d 394, 398 (2d Cir. 2003).

42.     While Plaintiffs' Complaint does not expressly seek a specific monetary award against the Defendants, Plaintiffs' initial disclosures in this matter claim Ms. Ritter's medical and rehabilitation expenses to date exceed $2,000,000.00. *See Plaintiffs' Initial Disclosures Pursuant to C.R.C.P. 26(a)(1)*, p. 9-10, attached hereto as **Exhibit C**.  "Where no amount is specified, this fact alone does not bar a finding that the jurisdictional amount has been met." *MBIA Ins. Corp. v. Royal Bank of Canada,* 706 F. Supp. 2d 380, 390 (S.D.N.Y. 2009) (quoting *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 438 (S.D.N.Y. 2006)).  "[I]n such a case, a defendant asserting removability must show 'that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount.'"  *Id*. at 391 (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.,* 216 F.3d 291, 296 (2d Cir. 2000)).  Based on Plaintiffs' initial disclosures in this matter, it is clear that the amount in controversy in this matter is in excess of the statutory amount.

**II.     Defendants Have Satisfied the Procedural Requirements for Removal.**

43. As set forth herein, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b)(c).

44. This action is being removed to the United States District Court For The District of Colorado as the court embracing the place where such action is pending, pursuant to 28 U.S.C. § 1441(a). Colorado consists of one judicial district. Thus, the United States District Court for the District of Colorado embraces all matters within The State of Colorado. 28 U.S.C. § 85.

45. Additionally, Plaintiffs and Defendants are subject to personal jurisdiction in Colorado. As set forth above, all Plaintiffs are citizens of the State of Colorado, and Defendant BNSF conducts business in the State of Colorado.

46. No previous application has been made for the removal requested herein.

## III. Preservation of Rights and Defenses

47. All rights are reserved, including, but not limited to, defenses and objections and the right to move for dismissal of the Complaint for, e.g., failure to state a claim for relief and preemption of claims. The filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections.

48. BNSF also reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendants respectfully gives notice that the above-captioned civil action pending in the District Court For The State of Colorado, County of Larimer is removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1447.

Dated this 12th day of May 2022.

**KNIGHT NICASTRO MACKAY, LLC**

By: */s/ Chad M. Knight*
Chad Knight (CO #42145)
Arron Nesbitt (CO #40610)
**ATTORNEYS FOR DEFENDANTS**
**BNSF RAILWAY COMPANY,**
**LOUIE P. RAMIREZ, and STEVEN A. WALD**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of May 2022 the foregoing was electronically filed using the Court's Electronic Filing System. In addition, a copy of the foregoing was served upon:

Paul J. Komyatte (No. 22750)
David P. Mason (No. 41333)
The Komyatte Law Firm LLC
722 Washington Avenue, Suite 202
Golden, CO  80401
Ph:  720-975-8553
Fax:  720-528-8072
paul@komyattelawfirm.com
dave@komyattelawfirm.com

J. Todd Tenge (No. 22088)
M. Paige Orgel (No. 46450)
Tenge Law Firm, LLC
2120 Milestone Drive, Suite 104
Fort Collins, CO 80525
Ph: (970) 528-5173
Fax: (303) 665-8788
jttenge@tengelaw.com

*/s/ Chad M. Knight*
Chad M. Knight