Chad M. Knight CO #42145.
Arron Nesbitt CO # 40610
KNIGHT NICASTRO MACKAY, LLC
1401 Walnut St., Ste 200
Boulder, CO 80302
Email:  knight@knightnicastro.com
          nesbitt@knightnicastro.com
Telephone: (720) 780-2772
Facsimile: (816) 396-6244
**ATTORNEYS FOR DEFENDANTS**
**BNSF RAILWAY COMPANY, LOUIE P. RAMIREZ,**
**and STEVEN A. WALD**

DATE FILED: January 28, 2022 4:04 PM
FILING ID: A4BD8B549F81C
CASE NUMBER: 2021CV30828

### DISTRICT COURT, LARIMER COUNTY, STATE OF COLORADO

| | |
|---|---|
| JANEAU RITTER, a disabled individual and citizen of Colorado, by and through her Conservator and Guardian, SEAN MCKENDRICK,<br><br>               Plaintiffs,<br><br>vs.<br><br>BNSF RAILWAY COMPANY, a Delaware Corporation; BURLINGTON NORTHERN SANTA FE, LLC, a Delaware limited liability company; BNSF LOGISTICS, LLC, a Delaware limited liability company; BURLINGTON NORTHERN SANTA FE PROPERTIES, L.L.C., a Delaware limited liability company; BURLINGTON NORTHERN SANTA FE CORPORATION, a Delaware Corporation; TRANSPORTATION GROUP MANAGEMENT, INC., a Delaware corporation; LOUIE P. RAMIREZ, an individual and citizen of Nebraska; and STEVEN A. WALD, an individual and citizen of Colorado,<br><br>Defendants. | Cause No.:  2021CV30828<br><br><br>**ANSWER OF DEFENDANTS BNSF RAILWAY COMPANY, LOUIE P. RAMIREZ, and STEVEN A. WALD** |

COMES NOW, Defendants, Burlington Northern Santa Fe Railway Company (hereinafter "BNSF"); Louie P. Ramirez ("Ramirez"); Steven A. Wald ("Wald"); by and

through their counsel of record, Chad M. Knight and Arron Nesbitt of Knight Nicastro MacKay, LLC and hereby responds to Plaintiffs' Complaint and Jury Demand ("Complaint"):

## <u>INTRODUCTION</u>

1.      The allegations set forth in Paragraph 1 are not directed at Defendants and therefore do not require a response from Defendants.  To the extent a response is required Defendants do not have sufficient information at this time to admit or deny the various statements made in Paragraph one and on that basis, they are denied.  Defendants specifically further deny that they are responsible in any way for the injuries and damages claimed by Plaintiffs.

## <u>PARTIES</u>

2.      The allegations set forth in Paragraph 2 are not directed at Defendants and therefore do not require a response from Defendants.

3.      The allegations set forth in Paragraph 3 are not directed at Defendants and therefore do not require a response from Defendants.

4.      The allegations set forth in Paragraph 4 are not directed at Defendants and therefore do not require a response from Defendants.

5.      Defendants admit that BNSF is a corporation duly organized and existing under the laws of the State of Delaware and that it maintains and operates a railroad through the State of Colorado. To the extent the allegations of Paragraph 5 are inconsistent with this statement, they are denied. In addition, and to the extent Paragraph 5 alleges conclusions of law concerning BNSF's legal liability, no response is required, but to the extent a response may be deemed required, such allegations are denied. Lastly, Defendants are without sufficient knowledge at this time to admit or deny the other various factual allegations and therefore denies same.

6.     Defendant Burlington Northern Santa Fe, LLC, has been dismissed from this action.  As such no further response is needed.

7.     Defendant BNSF Logistics, LLC, has been dismissed from this action.  As such no further response is needed.

8.     Defendant Burlington Northern Santa Fe Properties, L.L.C., has been dismissed from this action.  As such no further response is needed.

9.     Defendant Burlington Northern Santa Fe Corporation has been dismissed from this action.  As such no further response is needed.

10.    Defendant Transportation Group Management, Inc., has been dismissed from this action.  As such no further response is needed.

11.    The allegations set forth in Paragraph 11 are not directed at Defendants and therefore do not require a response from Defendants.

12.    Defendants admit that Louie P. Ramirez is a citizen and resident of the State of Nebraska.

13.    Defendants admit that Steven A. Wald is a citizen and resident of the State of Colorado.

14.    The allegations set forth in Paragraph 14 are not directed at Defendants and therefore do not require a response from Defendants.

## JURISDICTION AND VENUE

15.    The allegations set forth in Paragraph 15 assert a legal conclusion that Defendants are not required to respond.  To the extent a response is required Defendants are without sufficient information to admit or deny the allegations of Paragraph 15 and, therefore, deny same.

16.     The allegations set forth in Paragraph 16 assert a legal conclusion that Defendants are not required to respond.  To the extent a response is required Defendants do not contest personal jurisdiction in this matter at this time.

17.     The allegations set forth in Paragraph 17 assert a legal conclusion that Defendants are not required to respond.  To the extent a response is required Defendants do not contest venue in this matter at this time.

## GENERAL ALLEGATIONS

18.     Defendants admit that BNSF owns a railroad track that runs through parts of Fort Collins and along Vine Drive.

19.     Defendants admit that BNSF track runs in between the northbound and southbound lanes of Mason Street in Fort Collins.

20.     The allegations in Paragraph 20 are not directed at Defendants and therefore do not require an answer from Defendants.  To the extend a response is required Defendants state they are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 20 at this time and therefore deny the same.

21.     The allegations in Paragraph 21 are not directed at Defendants and therefore do not require an answer from Defendants.  To the extend a response is required Defendants state they are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 21 at this time and therefore deny the same.

22.     The allegations in Paragraph 22 are not directed at Defendants and therefore do not require an answer from Defendants.  To the extend a response is required Defendants state they are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 22 at this time and therefore deny the same.

23.     The allegations in Paragraph 23 are not directed at Defendants and therefore do not require an answer from Defendants.  To the extend a response is required Defendants state they are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 23 at this time and therefore deny the same.

24.     The allegations in Paragraph 24 are not directed at Defendants and therefore do not require an answer from Defendants.  To the extend a response is required Defendants state they are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 24 at this time and therefore deny the same.

25.     The allegations in Paragraph 25 are not directed at Defendants and therefore do not require an answer from Defendants.  To the extend a response is required Defendants state they are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 25 at this time and therefore deny the same.

26.     The allegations in Paragraph 26 are not directed at Defendants and therefore do not require an answer from Defendants.  To the extend a response is required Defendants state they are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 26 at this time and therefore deny the same.

27.     The allegations in Paragraph 27 are not directed at Defendants and therefore do not require an answer from Defendants.  To the extend a response is required Defendants state they are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 27 at this time and therefore deny the same.

28.     Defendants deny the allegations in Paragraph 28.

29.     Defendants deny the allegations in Paragraph 29.

30.     Defendants deny the allegations in Paragraph 30.

31.     Defendants deny the allegations in Paragraph 31.

32.     The allegations contained in Paragraph 32 are too vague and ambiguous with regard to the term "historically" that Defendants can neither admit nor deny those allegations and therefore deny same.

33.     The allegations contained in Paragraph 33 are too vague and ambiguous with regard to the terms "in recent years" and "significant blockages" that Defendants can neither admit nor deny those allegations and therefore deny same.

34.     The allegations contained in Paragraph 34 are too vague and ambiguous with regard to the terms "doubles" and "mega trains" that Defendants can neither admit nor deny those allegations and therefore deny same.

35.     Defendants admits that BNSF ran empty coal cars on northbound trains though Fort Collins.

36.     The allegations contained in Paragraph 36 are too vague and ambiguous with regard to the terms "mega trains" "lengthy periods of time" and "extended periods of time" that Defendants can neither admit nor deny those allegations and therefore deny same.

37.     The allegations contained in Paragraph 37 are too vague and ambiguous with regard to the term "mega trains" that Defendants can neither admit nor deny those allegations and therefore deny same.

38.     The allegations contained in Paragraph 38 are too vague and ambiguous with regard to the term "mega trains" that Defendants can neither admit nor deny those allegations and therefore deny same.

39.     The allegations contained in Paragraph 39 are too vague and ambiguous with regard to the terms "mega trains" and "significant periods of time" that Defendants can neither admit nor deny those allegations and therefore deny same.

40.     The allegations contained in Paragraph 40 are too vague and ambiguous with regard to the terms "mega trains" and "significant periods of time" that Defendants can neither admit nor deny those allegations and therefore deny same.

41.     The allegations contained in Paragraph 41 are too vague and ambiguous with regard to the terms "mega trains" "regularly resulted" "severe congestion" and "lengthy, simultaneous blockages" that Defendants can neither admit nor deny those allegations and therefore deny same.

42.     The allegations contained in Paragraph 42 are too vague and ambiguous with regard to the terms "mega trains" and "extended periods of time" that Defendants can neither admit nor deny those allegations and therefore deny same.

43.     The allegations contained in Paragraph 43 are too vague and ambiguous with regard to the terms "mega trains" that Defendants can neither admit nor deny those allegations and therefore deny same.

44.     The allegations contained in Paragraph 44 are too vague and ambiguous with regard to the terms "mega trains" "lengthy, simultaneous blockages" and "massively inconvenienced" that Defendants can neither admit nor deny those allegations and therefore deny same.

45.     The allegations contained in Paragraph 45 are too vague and ambiguous with regard to the terms "mega trains" "lengthy extended blockages" and "exponentially increased" that Defendants can neither admit nor deny those allegations and therefore deny same.

46.     The allegations contained in Paragraph 46 are too vague and ambiguous with regard to the terms "hazards" and "dangers" that Defendants can neither admit nor deny those allegations and therefore deny same.

47.     The allegations contained in Paragraph 44 are too vague and ambiguous with regard to the terms "frequently present" and "close proximity" that Defendants can neither admit nor deny those allegations and therefore deny same.

48.     Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 48 and therefore deny same.

49.     Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 49 and therefore deny same.

50.     Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 50 and therefore deny same.

51.     Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 51 and therefore deny same.

52.     Defendants are without sufficient knowledge or information at this time to admit or deny the allegations contained in Paragraph 52 and therefore deny same.  Defendants further state that the allegations in Paragraph 52 are too vague and ambiguous with regard to the terms "lengthy stoppages" and lengthy obstructions" that Defendants can neither admit nor deny and therefore deny same.

53.     Defendants are without sufficient knowledge or information at this time to admit or deny the allegations contained in Paragraph 53 and therefore deny same.  Defendants further state that the allegations in Paragraph 53 are too vague and ambiguous with regard to the terms "lengthy stoppages" that defendants can neither admit nor deny and therefore deny same.

54. The allegations contained in Paragraph 54 are too vague and ambiguous with regard to the terms "regularly cross" "lengthy stoppages" "mega trains" and "lengthy simultaneous blockages" that Defendants can neither admit nor deny those allegations and therefore deny same.

55. Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 55 and therefore deny same. In addition, the allegations contained in Paragraph 55 are too vague and ambiguous with regard to the term "lengthy period of time" that Defendants can neither admit nor deny those allegations and therefore deny same.

56. Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 56 and therefore deny same. In addition, the allegations contained in Paragraph 56 are too vague and ambiguous with regard to the term "lengthy train stoppage" that Defendants can neither admit nor deny those allegations and therefore deny same.

57. Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 57 and therefore deny same.

58. Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 58 and therefore deny same.

59. The allegations contained in Paragraph 59 are too vague and ambiguous with regard to the terms "mega trains" "lengthy simultaneous blockages" and "regularly" that Defendants can neither admit nor deny those allegations and therefore deny same.

60. The allegations contained in Paragraph 60 are too vague and ambiguous with regard to the terms "regularly" "mega trains" and "lengthy stoppages" that Defendants can neither admit nor deny those allegations and therefore deny same.

61.     Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 61 and therefore deny same.

62.     The allegations contained in Paragraph 62 are too vague and ambiguous with regard to the terms "frequently stopping" "mega trains" and "extended periods of time" that Defendants can neither admit nor deny those allegations and therefore deny same.

63.     The allegations contained in Paragraph 63 are too vague and ambiguous with regard to the terms "mega trains" "lengthy periods of time" "significant impacts" "severe congestion" "lengthy blockages" and "regularly" that Defendants can neither admit nor deny those allegations and therefore deny same.

64.     Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 64 and therefore deny same.

65.     Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 65 and therefore deny same.

66.     Defendants admit that the location of the railroad crossing at West Mulberry Street is generally identified correctly.

67.     Defendants are without sufficient information at this time to admit or deny the allegations contained in Paragraph 67 and therefore deny same.

68.     Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 68 and therefore deny same.  In addition, the allegations contained in Paragraph 68 are too vague and ambiguous with regard to the term "mega train" that Defendants can neither admit nor deny those allegations and therefore deny same.

69.     Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 69 and therefore deny same.  In addition, the allegations contained in

Paragraph 69 are too vague and ambiguous with regard to the term "mega train" that Defendants can neither admit nor deny those allegations and therefore deny same.

70.     Defendants admit that Louie P. Ramirez was the Engineer on train associated with the incident identified in Plaintiffs' complaint.

71.     Defendants admits that Seven A. Wald was the Conductor on the train associated with the incident identified in Plaintiffs' complaint.

72.     Defendants admit that Steven A. Wald and Louie P. Ramirez were the only BNSF personal operating the train at the time of the incident identified in Plaintiffs' complaint.

73.     The allegations contained in Paragraph 73 are too vague and ambiguous with regard to the terms "mega train" and "safely operating, controlling, and overseeing" that Defendants can neither admit nor deny those allegations and therefore deny same.

74.     Defendants admit that Wald and Ramirez were acting within the course and scope of their employment.

75.     Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 75 and therefore deny same.  In addition, the allegations contained in Paragraph 75 are too vague and ambiguous with regard to the term "mega train" that Defendants can neither admit nor deny those allegations and therefore deny same.

76.     The allegations contained in Paragraph 76 are too vague and ambiguous with regard to the term "mega train" and "extended period of time" that Defendants can neither admit nor deny those allegations and therefore deny same.

77.     Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 77 and therefore deny same.

78.     Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 78 and therefore deny same.  In addition, the allegations contained in Paragraph 78 are too vague and ambiguous with regard to the term "extended period of time" that Defendants can neither admit nor deny those allegations and therefore deny same.

79.     Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 79 and therefore deny same.  In addition, the allegations contained in Paragraph 79 are too vague and ambiguous with regard to the term "mega train" that Defendants can neither admit nor deny those allegations and therefore deny same.

80.     Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 80 and therefore deny same.

81.     Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 81 and therefore deny same.

82.     Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 82 and therefore deny same.

83.     Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 83 and therefore deny same.

84.     Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 84 and therefore deny same.  In addition, the allegations contained in Paragraph 84 are too vague and ambiguous with regard to the term "mega train" that Defendants can neither admit nor deny those allegations and therefore deny same.

85.     Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 85 and therefore deny same.  In addition, the allegations contained in

Paragraph 85 are too vague and ambiguous with regard to the term "mega train" that Defendants can neither admit nor deny those allegations and therefore deny same.

86.     The allegations contained in Paragraph 86 are too vague and ambiguous with regard to the terms "mega train" "regularly" and "frequently" that Defendants can neither admit nor deny those allegations and therefore deny same.

87.     The allegations contained in Paragraph 87 are too vague and ambiguous with regard to the terms "mega train" "frequent" and "historic" that Defendants can neither admit nor deny those allegations and therefore deny same.

88.     Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 88 and therefore deny same.  In addition, the allegations contained in Paragraph 88 are too vague and ambiguous with regard to the term "mega train" that Defendants can neither admit nor deny those allegations and therefore deny same.

89.     Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 89 and therefore deny same.  In addition, the allegations contained in Paragraph 89 are too vague and ambiguous with regard to the term "mega train" that Defendants can neither admit nor deny those allegations and therefore deny same.

90.     Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 90 and therefore deny same.  In addition, the allegations contained in Paragraph 90 are too vague and ambiguous with regard to the term "mega train" that Defendants can neither admit nor deny those allegations and therefore deny same.

91.     Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 91 and therefore deny same.  In addition, the allegations contained in

Paragraph 91 are too vague and ambiguous with regard to the term "mega train" that Defendants can neither admit nor deny those allegations and therefore deny same.

92.     Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 92 and therefore deny same.  In addition, the allegations contained in Paragraph 92 are too vague and ambiguous with regard to the term "mega train" that Defendants can neither admit nor deny those allegations and therefore deny same.

93.     Defendants admit the allegations in Paragraph 93.

94.     Defendants admit that the allegations in Paragraph 94 are unknown at this time.

95.     Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 95 and therefore deny same.  In addition, the allegations contained in Paragraph 95 are too vague and ambiguous with regard to the term "mega train" that Defendants can neither admit nor deny those allegations and therefore deny same.

96.     Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 96 and therefore deny same.  In addition, the allegations contained in Paragraph 96 are too vague and ambiguous with regard to the term "mega train" that Defendants can neither admit nor deny those allegations and therefore deny same.

97.     Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 97 and therefore deny same.

98.     Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 98 and therefore deny same.

99.     Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 99 and therefore deny same.  In addition, the allegations contained in

Paragraph 99 are too vague and ambiguous with regard to the term "mega train" that Defendants can neither admit nor deny those allegations and therefore deny same.

100. Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 100 and therefore deny same.

101. Defendants deny the allegations in Paragraph 101.

102. The allegations contained in Paragraph 102 are too vague and ambiguous with regard to the terms "mega trains" and "extended periods of time" that Defendants can neither admit nor deny those allegations and therefore deny same. Defendants admit, however, that BNSF has not constructed a pedestrian footbridge over the tracks near the Mulberry Street crossing.

103. The allegations contained in Paragraph 103 are too vague and ambiguous with regard to the terms "mega trains" "extended periods of time" and "lengthy blocked crossings" that Defendants can neither admit nor deny those allegations and therefore deny same. Defendants admit, however, that BNSF has not constructed a pedestrian footbridge over the tracks near the Mulberry Street crossing.

104. Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 104 and therefore deny same. In addition, the allegations contained in Paragraph 104 are too vague and ambiguous with regard to the term "numerous" that Defendants can neither admit nor deny those allegations and therefore deny same.

105. The allegations contained in Paragraph 105 are too vague and ambiguous with regard to the term "mega train" that Defendants can neither admit nor deny those allegations and therefore deny same.

106. Defendants deny the allegations of Paragraph 106.

107.     The allegations contained in Paragraph 107 are too vague and ambiguous with regard to the terms "mega train" and "extended periods of time" that Defendants can neither admit nor deny those allegations and therefore deny same.

108.     Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 108 and therefore deny same.

109.     The allegations contained in Paragraph 109 are too vague and ambiguous with regard to the terms "mega train" and "extended periods of time" that Defendants can neither admit nor deny those allegations and therefore deny same.

110.     The allegations contained in Paragraph 110 are too vague and ambiguous with regard to the terms "concern for safety" and "other issues" that Defendants can neither admit nor deny those allegations and therefore deny same.

111.     The allegations contained in Paragraph 111 are too vague and ambiguous with regard to the terms "those public safety concerns" "lengthy stoppages" and "mega train" and that Defendants can neither admit nor deny those allegations and therefore deny same.

112.     The allegations contained in Paragraph 112 are too vague and ambiguous with regard to the terms "lengthy" and "mega trains" that Defendants can neither admit nor deny those allegations and therefore deny same.  Defendants also specifically deny that they invite or permit pedestrians to climb through, over and under stopped trains.

113.     The allegations contained in Paragraph 113 are not directed at any Defendants and therefore do not require a response.

## COUNT I
### Negligence

114.    Answering the allegations listed prior to Paragraph 114, Defendants re-allege and incorporate by reference their responses contained in Paragraphs 1 through 113 above as if fully set forth herein.

115.    Defendants admit that BNSF operates trains on the Mason Street tracks in Fort Collins.  However, the term "mega trains" is too vague and ambiguous that Defendants can neither admit nor deny those allegations and therefore deny same.

116.    Paragraph 16 calls for a legal conclusion which requires no response from Defendants. To the extent a response is required, Defendants state that the allegations of Paragraph16 are an incomplete and inaccurate statement of the law and, therefore, deny same.

117.    Paragraph 117 calls for a legal conclusion which requires no response from Defendants. To the extent a response is required, Defendants state that the allegations of Paragraph 117 are an incomplete and inaccurate statement of the law and, therefore, deny same.

118.    Defendants deny the allegations set forth in Paragraph 118 and all its sub-parts.

119.    Defendants deny the allegations set forth in Paragraph 119.

120.    Defendants deny the allegations set forth in Paragraph 120.

121.    Defendants deny the allegations set forth in Paragraph 121.

122.    Defendants deny the allegations set forth in Paragraph 122.

## COUNT II
### Premises Liability

123.    Answering the allegations listed prior to Paragraph 123, Defendants re-allege and incorporate by reference their responses contained in Paragraphs 1 through 122 above as if fully set forth herein.

124.     Paragraph 124 states a conclusion of law to which no response is required. To the extent a response is deemed necessary, Defendants state they are without sufficient information at this time to admit or deny same and on that basis they are denied.

125.     Paragraph 125 states a conclusion of law to which no response is required. To the extent a response is deemed necessary, Defendants state that BNSF is a landowner.

126.     Paragraph 126 states a conclusion of law to which no response is required. To the extent a response is deemed necessary, Defendants state that the allegations of Paragraph 126 are an incomplete and inaccurate statement of the law and, therefore, deny same.

127.     Defendants deny the allegations in Paragraph 127 and specifically state that Plaintiff was a trespasser at the time of the incident described in the complaint.

128.     Defendants deny the allegations in Paragraph 128 and specifically state that Plaintiff was a trespasser at the time of the incident described in the complaint.

129.     Defendants deny the allegations contained in Paragraph 129.

130.     Defendants deny the allegations contained in Paragraph 130.

131.     Paragraph 131 states a conclusion of law to which no response is required. To the extent a response is deemed necessary the allegations are denied.

132.     Paragraph 132 states a conclusion of law to which no response is required. To the extent a response is deemed necessary the allegations are denied.

133.     Defendants deny the allegations in Paragraph 133 and all of its sub-parts.

134.     Defendants deny the allegations contained in Paragraph 134.

## COUNT III
**Negligence**

135.     Answering the allegations listed prior to Paragraph 135, Defendants re-allege and incorporate by reference their responses contained in Paragraphs 1 through 134 above as if fully set forth herein.

136.     Paragraph 136 states a conclusion of law to which no response is required. To the extent a response is deemed necessary, Defendants state that Paragraph 136 recites an incomplete and inaccurate statement of the law and, therefore, deny same.

137.     Paragraph 137 states a conclusion of law to which no response is required. To the extent a response is deemed necessary, Defendants state that Paragraph 137 recites an incomplete and inaccurate statement of the law and, therefore, deny same.

138.      Defendants deny the allegations set forth in Paragraph 138 and all its sub-parts.

139.     Defendants deny the allegations set forth in Paragraph 139.

140.     Defendants deny the allegations set forth in Paragraph 140.

141.     Defendants deny the allegations set forth in Paragraph 141.

## COUNT II
## Premises Liability

142.     Answering the allegations listed prior to Paragraph 142, Defendants re-allege and incorporate by reference their responses contained in Paragraphs 1 through 141 above as if fully set forth herein.

143.     Paragraph 143 states a conclusion of law to which no response is required. To the extent a response is deemed necessary, Defendants deny that the train crew are "landowners" as defined by statute.

144.     The allegations in Paragraph 144 constitute a legal conclusion which does not require a response.  To the extent a response is needed, the allegations are denied.

145.     Defendants deny the allegations in Paragraph 145 and specifically state that Plaintiff was a trespasser at the time of the incident described in the complaint.

146.     Defendants deny the allegations in Paragraph 146 and specifically state that Plaintiff was a trespasser at the time of the incident described in the complaint.

147.     Paragraph 147 states a conclusion of law to which no response is required. To the extent a response is deemed necessary the allegations are denied.

148.     Paragraph 148 states a conclusion of law to which no response is required. To the extent a response is deemed necessary the allegations are denied.

149.     Defendants deny the allegations in Paragraph 149 and all of its sub-parts.

150.     Defendants deny the allegations in Paragraph 150.

## COUNT V
### Gross Negligence

151.     Answering the allegations listed prior to Paragraph 151, Defendants re-allege and incorporate by reference their responses contained in Paragraphs 1 through 150 above as if fully set forth herein.

152.     Defendants deny the allegations in Paragraph 152.

153.     Defendants deny the allegations in Paragraph 153.

154.     Defendants deny the allegations in Paragraph 153.

155.     Defendants deny the allegations in Paragraph 153 including all subparts.

156.     Defendants deny the allegations in Paragraph 156.

## COUNT VI
### Causation & Damages

157.     Answering the allegations listed prior to Paragraph 151, Defendants re-allege and incorporate by reference their responses contained in Paragraphs 1 through 150 above as if fully set forth herein.

158.     Defendants deny the allegations in Paragraph 153 including all subparts.

159.     Paragraph 156 states a conclusion of law to which no response is required. To the extent a response is deemed necessary the allegations are denied.

## PRAYER FOR RELIEF

Defendants deny the allegations contained in Plaintiffs' Prayer for Relief, including the WHEREFORE clauses contained in the complaint.

## GENERAL DENIAL

Defendants expressly deny each and every allegation contained in Plaintiffs' Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' claims may have failed to state a claim or cause of action upon which relief may be granted.

2.     Plaintiffs' injury or damages, if any, may be the result of Plaintiff, Janeau Ritter's sole negligence. Alternatively, Plaintiffs' claims are barred by CRS 13-21-111, because Plaintiff Janeau Ritter's negligence was greater than any negligence of the Defendants.

3.     Plaintiffs' claims may be barred by the applicable statute of limitations.

4.     Plaintiffs' claims may be barred under the doctrine of laches.

5.     Plaintiff may have failed to mitigate her damages as required by law.

6.     Plaintiffs' injuries and damages, if any, may have been caused by the action or conduct of persons whose conduct and actions Defendants had neither control, nor the right to control, and for whom Defendants have no liability.

7.     If Plaintiffs have incurred or sustained any losses, damages, or injuries, said losses, damages or injuries may have been contributed to and/or caused, in whole or in part, by the carelessness or negligence of persons, corporations or entities other than Defendants.

8.     Plaintiffs' injury or damages, if any, may be the result of conditions that preexisted, or subsequently, in whole or in part, the happening of the incidents alleged it the Complaint.

9.     Defendants may be entitled to a set-off for monies paid or to be paid for the benefit of Plaintiffs by other persons, corporations, or entities.

10.     Plaintiff may have assumed the risk of injury in the actions taken as outlined in the Complaint.

11.     There may have been a safer alternative route that Plaintiff could have taken to avoid injury.

12.     Some or all of Plaintiffs' injuries or conditions may be apportioned to illnesses, conditions, injuries, or other causal factors not caused by Defendants.

13.     Defendants may not be a real party in interest or the proper party to this action and Plaintiffs may have failed to join necessary parties whose presence is necessary to afford complete, consistent relief. To the extent it is infeasible to join necessary parties, Plaintiffs' claims must be dismissed.

14.     Plaintiffs' claims may be preempted or preclude by rules, regulations and laws including but not limited to regulations of the Colorado Public Utilities Commission, the

Colorado Premises Liability Act, the Federal Railroad Safety Act, the Locomotive Inspection Act, the Safety Appliance Act, and the Interstate Commerce Commission Termination Act.

Defendant specifically reserves its right to amend its Answer to include additional defenses, affirmative defenses, and counterclaims; and/or delete defenses and affirmative defenses which have become applicable or non-applicable upon completion of additional discovery.

WHEREFORE, having fully answered Plaintiffs' Complaint to the extent possible, Defendants pray that Plaintiffs' Complaint be dismissed with prejudice, and they be awarded their costs, attorney fees, and further relief as this Court deems just and proper.

## JURY DEMAND

Defendants hereby demand a trial by jury on all issues.

Dated this 28th day of January 2022.

**KNIGHT NICASTRO MACKAY LLC**

*/s/Chad M. Knight*
Arron Nesbitt, CO #40610
Chad M. Knight, CO #42145
1401 Walnut Street, Suite 200
Boulder, CO 80302
Phone: 720-907-6800
Fax: 816-396-6233
Email:  knight@knightnicastro.com
 nesbitt@ knightnicastro.com
**ATTORNEYS FOR DEFENDANTS**
**BNSF RAILWAY COMPANY, LOUIE P.**
**RAMIREZ, and STEVEN A. WALD.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 28th day of January 2022, the foregoing was electronically filed using the Colorado Court's E- Filing system ("CCEF"), which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

*/s/ Chad M. Knight*
Chad M. Knight