IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01187-MEH

JANEAU RITTER, a disabled individual and citizen of Colorado, by and through her Conservator and Guardian, Sean McKendrick,

    Plaintiff,

v.

BNSF RAILWAY COMPANY,
LOUIE P. RAMIREZ, and
STEVEN A. WALD,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court are Plaintiff's "Motion to Remand This Case to the Larimer County District Court Pursuant to 28 U.S.C. § 1447" ("Motion to Remand") (ECF 21) and "Conditional Motion to Continue Motion to Remand and For Leave to Conduct Limited Jurisdictional Discovery Concerning Defendants' 'Fraudulent' Joinder Allegations as to Defendant Steven A. Wald" ("Motion for Discovery") (ECF 31). Both motions are fully briefed, and the Court finds that oral argument would not materially assist in their adjudication. As set forth below, the Motion to Remand is granted and the Motion for Discovery is denied as moot.

## BACKGROUND

Plaintiff filed suit in state court on November 11, 2021. ECF 1-4. Plaintiff brings claims for negligence, premises liability, and gross negligence resulting from injuries sustained after being run over by a train allegedly owned and operated by Defendants. *Id.* Plaintiff served

Defendants, and they filed an Answer on January 28, 2022. ECF 1-5. On January 31, 2022, the state court judge, based on the parties' stipulation, ordered the dismissal of several entities as defendants, leaving only the named Defendants in this case as the only defendants. ECF 1-9. On March 22, 2022, the state court judge issued a case management order, and the parties proceeded with discovery. *Id.*

On May 12, 2022, Defendants filed a Notice of Removal ("Notice") in this District. ECF 1. In the Notice, Defendants indicated that they were removing the case "pursuant to 28 U.S.C. §§ 1332, 1141, 1446, and 1447." *Id.* at 2. They acknowledged that "Plaintiffs have raised claims for negligence, premises liability, and gross negligence against Defendants claiming, among other things, that they knew or should have known of her existence and they failed to take certain actions to prevent her injuries." *Id.* at 2, ¶ 2. Defendants contend that this Court has subject matter jurisdiction because Defendants Louis P. Ramirez and Steven A. Wald (together, "Individual Defendants") are improperly joined, and there exists complete diversity of citizenship between Plaintiff and Defendant BNSF Railway Company ("BNSF"). *Id.* at 3, ¶ 5. As stated in the Complaint and Notice, Plaintiff[1] is a citizen of Colorado, and BNSF is a citizen of Delaware and Texas. ECF 1-4 at 2–3, ¶¶ 2, 5; ECF 1 at 5, ¶¶ 13–14. The Court notes that Defendant Ramirez is a citizen of Nebraska, and Defendant Wald is a Colorado citizen. ECF 1-4 at 5, ¶¶ 12–13; ECF 1

---

[1] The parties often (though not exclusively) refer to plaintiffs, treating Jeneau Ritter and Sean McKendrick as distinct plaintiffs. But the claims are Ms. Ritter's, brought by and through her Conservator and Guardian, Sean McKendrick. Thus, there is only really one plaintiff: Ms. Ritter. The analogous situation is when an estate brings claims through the estate's executor; in that instance, the Court would not refer to multiple plaintiffs just because the executor brings the claims on the estate's behalf. *See Vallentine v. Taylor Inv. Co.*, 305 F. Supp. 1104, 1106 (D. Colo. 1969) ("The conservator has nothing personally to gain or lose in the action. The injury was suffered by the ward and the recovery is his alone."). Regardless, for purposes of diversity jurisdiction and this Order, Ms. Ritter and Mr. McKendrick share Colorado citizenship, so the analysis is the same. ECF 1-4 at 2, ¶¶ 2–3.

at 5, ¶¶ 15–16. It is therefore Defendant Wald's citizenship that is at issue, since his participation as a defendant seemingly destroys complete diversity.

To support their efforts to remove the case, Defendants assert that they learned new information through Plaintiff's discovery responses that, for the first time, made this case removable. *Id.* at 5, ¶ 11. Specifically, Defendants argue that Plaintiffs' April 22, 2022 discovery responses reveal that there is no factual basis to support any viable claim against the Individual Defendants. ECF 1 at 7, ¶ 19. To include the Individual Defendants in this lawsuit, Defendants contend that Plaintiff relies on the following allegations:

- Individual Defendant "knew or had reason to know that pedestrians were crossing and attempting to cross its stopped Mega Train at that time and a that location by climbing through, over, and under the stopped train given the length of time the train was stopped," ECF 1-4 at 17, ¶ 87; and

- They failed "to take actions to prevent their Mega Train from running Ms. Ritter over after seeing Ms. Ritter in a position of peril, or after such time they should have or had reason to know that Ms. Ritter and/or other pedestrians were or could be in a position of peril," *id.* at 24, ¶ 118(m).

ECF 1 at 6, ¶ 18. Plaintiff's written discovery responses, Defendants assert, establish that Plaintiff could not see either end of the train at the time she tried to cross the tracks (so Defendants could not see her), and Defendant Wald's written statement to police officers (which Plaintiff possesses) demonstrates he had no "knowledge of people crossing through [the] train at any point." *Id.* at 7–8, ¶¶ 20–23. From this evidence, Defendants posit that there is no factual basis to support the idea that the Individual Defendants "knew or should have known of Ms. Ritter's presence on the railroad, and thus Plaintiff[ ] fraudulently joined those Defendants as Plaintiff[ is] unable to establish any cause of action against them." *Id.* at 8, ¶ 24.

Now, Plaintiff filed her Motion to Remand, arguing that Defendants untimely filed their Notice, and their arguments on fraudulent joinder are without merit. ECF 21. Defendants reject

these contentions, asserting that otherwise untimely removal is permitted when a party learns new information through discovery, and that Plaintiff cannot maintain a claim against the Individual Defendants. ECF 27. Concurrent with her reply brief for the Motion to Remand (ECF 30), Plaintiff filed the Motion for Discovery, requesting that if the Court is inclined to agree with Defendants' fraudulent joinder arguments, the Court should permit Plaintiff to conduct some limited discovery on the disputed facts relevant to Defendants' arguments. ECF 31. Defendants oppose that request. ECF 32.

## **LEGAL STANDARDS**

Federal courts are courts of limited jurisdiction and may exercise jurisdiction only when specifically authorized to do so. *Rundle v. Frontier-Kemper Constructors, Inc.*, 170 F. Supp. 2d 1075, 1077 (D. Colo. 2001) (citing *Castaneda v. Immigration and Naturalization Serv.*, 23 F.3d 1576, 1580 (10th Cir. 1994)). Because federal courts are courts of limited jurisdiction, there is a general presumption against such jurisdiction, and the party invoking it bears the burden of proof. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). A federal court has original jurisdiction only over cases that the Constitution and Congress have granted it authority to hear. *ICG Telecom Grp. v. Qwest Corp.*, 375 F. Supp. 2d 1084, 1086 (D. Colo. 2005). Where uncertainties exist regarding the Court's jurisdiction, the matter is resolved in favor of remand. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

Removal of a case from state to federal court is governed by statute. Title 28 U.S.C. § 1441(a) provides that:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

4

The procedure for removal is governed by 28 U.S.C. § 1446. It sets forth two deadlines for *when* a lawsuit may be removed. First, at Section 1446(b)(1), the removing party must file the notice of removal within thirty days after receipt of the initial pleading if it contains a removeable claim. If the initial pleading is not removable but a subsequently received amended pleading, motion, order, or other paper is, then Section 1446(b)(3) creates another thirty-day deadline to file the notice of removal.

## ANALYSIS

As mentioned earlier, Plaintiff requests remand for two reasons: (1) the Notice is untimely; and (2) Defendants cannot establish fraudulent joinder. Defendants oppose these arguments and contend that removal is both timely and appropriate. The Court begins by examining whether removal was timely.

Section 1446 is unambiguously clear that an action must be removed within thirty days after service of the operative pleading on the defendant. 28 U.S.C. § 1446(b)(1). But the statute also is clear that if the initial pleading does not indicate that the case is removable, a defendant may remove the case within thirty days after it is ascertained from an amended pleading, motion, order, or other paper that the case is now removable. *Id.* § 1446(b)(3). Courts have routinely found that discovery responses can constitute an "other paper" under this statute. *E.g.*, *Magnatech Eng'g v. Weaver Elec. Co.*, No. CIV. A. 97-2648-EEO, 1998 WL 171125, at *2 (D. Kan. Mar. 3, 1998) (" It is well established law that discovery responses are sufficient to constitute 'other paper' which may trigger defendant's 30[-]day period to file a notice of removal."). Here, Plaintiffs served Defendant BNSF and Defendant Ramirez on January 7, 2022 and Defendant Wald on January 12, 2022. ECF 1 at 4, ¶ 7; *see also* ECF 21-4. Plaintiff served Defendants with her responses to discovery requests on April 22, 2022. ECF 1 at 4, ¶ 10; *see also* ECF 21-7. Defendants filed their

5

Notice on May 12, 2022. ECF 1. While that certainly exceeds the deadline to remove based on the date of service of the Complaint, it is within the thirty-day deadline after receiving service of an "other paper." Thus, if Defendants truly needed to know the new information to remove the case, removal is timely; however, if removal was possible prior to the new information (or the new information was not truly "new"), removal would be untimely.

In their response brief, the crux of Defendants' argument for removal is that the case was not immediately removable based on Plaintiff's intentional tort claims. ECF 27 at 3 ("[O]nce Defendants obtained Plaintiff['s] response to Defendants' discovery requests, it then became clear that Plaintiff[ ] had no factual basis to support [her] intentional tort claims that Steven Wald had any actual knowledge of Ms. Ritter's presence on the subject train and/or train tracks . . ."), 5 ("The operative issue here revolves around the *Complaint's* intentional tort allegations—i.e., that Wald ***knew and saw*** 'Ms. Ritter in a position of peril.'" (emphasis in original), 6 ("Ultimately, because Plaintiff['s] *Complaint* includes unsubstantiated allegations that Wald acted intentionally, Defendants had to determine what facts, if any, Plaintiff[ ] possessed to support [her] claim that Defendant Wald 'knew' and 'did perceive' before it could first be ascertained that this case is removable." (emphasis in original), 8 ("Given the new information that Plaintiff[ was] either (1) not in fact claiming Wald knew of Ms. Ritter's presence on the tracts etc.[, ] or (2) had no evidence to substantiate [her] intentional tort claims against Wald, this case became removable as all of the other tort claims fail as a matter of law and/or are otherwise preempted by the [Federal Railroad Safety Act ('FRSA')] or [the Interstate Commerce Commission Termination Act ('ICCTA.')]").

But the problem is that Plaintiff has not alleged an intentional tort claim. The Complaint simply lists claims for negligence, premises liability, and gross negligence. ECF 1-4. Defendants admit as much in both their Notice and response brief. ECF 1 at 2, ¶ 2 ("Plaintiff[ has] raised

6

claims for negligence, premises liability, and gross negligence . . ."); ECF 27 at 2 (same). Defendants find this imagined[2] intentional tort claim among Plaintiff's allegations that Defendant Wald "acted with *direct* knowledge of, and with blatant disregard for, Ms. Ritter's presence on the tracks." ECF 27 at 6 (emphasis added). Yet, the allegations in the Complaint state that Defendant Wald (and Defendant Ramirez) "knew or *had reason to know*." ECF 1-4 at 17, ¶ 87 (emphasis added); *see also* 19, ¶ 101 ("either did see or perceive *or should have seen or perceived*") (emphasis added); 34, ¶ 137 ("knew *or should have known*") (emphasis added). In other words, even if Defendant Wald did not know Plaintiff was on the tracks, for instance, Plaintiff intends to hold Defendant Wald liable because he should have known she was. Such allegations are consistent with negligence claims. *E.g.*, *Axelrod v. Cinemark Holdings, Inc.*, 65 F. Supp.3d 1093, 1098 (D. Colo. 2014).

By Defendants' own admission, without an intentional tort claim, this case was removable "as all of the other tort claims fail as a matter of law and/or are otherwise preempted . . ." ECF 27 at 8. Because no intentional tort claim exists or ever existed, based on Defendants' argument, this case was removable at the time Defendants were served with the Complaint. Therefore, as removal occurred after the thirty-day deadline from service of the Complaint, removal is untimely.

Defendants' decision to rely exclusively on the new information learned in relation to the supposed intentional tort claims is curious considering that the Notice does not mention the

---

[2] In fairness to Defendants, the first paragraph of Plaintiff's Complaint states that "[t]his is a personal injury action arising out of the negligent and *intentional* acts and omissions of the Defendants in causing injuries to the Plaintiff, Janeau Ritter." ECF 1-4 at 2, ¶ 1. But just because there may be allegations of intentional conduct does not mean that Plaintiff is bringing a claim for an intentional tort. After all, Plaintiff is the "master" of her Complaint. *See Karnes v. Boeing Co.*, 335 F.3d 1189, 1192–93 (10th Cir. 2003).

7

existence of any intentional tort.[3] The only time the Notice even references an intentional harm is in the context of premises liability under the Colorado Premises Liability Act ("Act'). ECF 1 at 9, ¶¶ 28–29. Under that Act, a trespasser may only recover "for damages willfully or deliberately caused by the landowner." *Vigil v. Franklin*, 103 P.3d 322, 328 (Colo. 2004) (quoting Colo. Rev. Stat. § 13-21-115(3)(a)). Even assuming that this is the intentional tort Defendants found in the Complaint (a connection not expressly made in the response brief), the Notice expresses that Defendant Wald cannot be held liable under the Act because he is not an employer as defined in that Act. ECF 1 at 9, ¶ 27. Accordingly, without weighing in on the merits of that argument, Defendants could have removed this case earlier on the assumption that the premises liability claim against Defendant Wald was precluded as a matter of law.

In sum, by their own admissions, the Court finds that Defendants could have timely removed this case after service of the Complaint. If Defendants had removed at that time and Plaintiff argued that removal was improper in some way due to the existence of an intentional tort claim, Defendants had a strong argument that no such claim existed. Instead, Defendants waited too long. Because their removal was untimely, the Court need not look to whether Defendants can establish fraudulent joinder, because remand is warranted. In light of this, Plaintiff's Motion for Discovery is moot.

## CONCLUSION

Accordingly, Plaintiff's Motion to Remand [filed June 10, 2022; ECF 21] is **granted**, and the Motion for Discovery [filed August 3, 2022; ECF 31] is **denied as moot**. It is ORDERED that

---

[3] In fact, the Notice acknowledges that Plaintiff's only claims are for negligence, premises liability, and gross negligence. ECF 1 at 2, ¶ 2. Elsewhere in the Notice, Defendants argue that "all [negligence] claims and tort causes of actions arising therefrom are preempted by the FRSA." *Id.* at 12, ¶ 39. Taking Defendants at their word, then, they should have known this case was removable prior to the expiration of the original thirty-day deadline to remove.

8

this case is REMANDED to the District Court for Larimer County, Colorado in which this case was filed as Case No. 2021CV30828. It is further ORDERED that this case is closed.

Entered this 6th day of September, 2022, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge